IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM TUDUJ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-CV-1283-SMY |
| | ) |
| JOHN F. COONEY, LEWIS, BRISBOIS, | ) |
| BISGAARD, & SMITH LLP, and DANNA | ) |
| MCKITRICK, PC, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are Plaintiff Tom Tuduj's Motion for Reconsideration (Doc. 15) and Motion for Leave to Reopen Case and to File Second Amended Complaint (Doc. 16). For the following reasons, these motions will be **DENIED**.

Plaintiff, currently incarcerated at Menard Correctional Center, asserts legal malpractice claims against his former attorney John Cooney and the law firms that employed him (Doc. 2). He alleges that Cooney, an Illinois attorney, was appointed by this Court to represent him in a civil action filed under 42 U.S.C. § 1983 for inadequate medical treatment in prison. He further alleges that as a result of Cooney's failure to "investigate plaintiff's case and [present] all available evidence," he lost his case at the summary judgment stage (Doc. 2, ¶ 12).

Upon initially reviewing Plaintiff's Complaint, this Court dismissed it *sua sponte*, finding that it lacked subject matter jurisdiction because legal malpractice is based on state law and all of the parties are based in Illinois (Doc. 12). Tuduj's First Motion to Reopen Case and File First Amended Complaint were denied for the same reasons (Doc. 13).

This is Plaintiff's second attempt to "reopen" his case and establish jurisdiction. When a party files simultaneous motions for reconsideration and for leave to amend the complaint, the Court

examines the merits of the motion to amend *before* it decides whether or not to grant the Rule 59(e) or 60(b) motion. See *Paganis v. Blonstein,* 3 F.3d 1067, 1070 (7th Cir.1993).

The crux of the issue, as noted in previous orders, is that Plaintiff's state law legal malpractice claims do not confer jurisdiction because the parties are not diverse and there is no original jurisdiction. Plaintiff has not submitted a proposed second amended complaint in conjunction with his two pending motions, but states, "Plaintiff has updated the complaint to include diverse citizenship jurisdiction – Defendant Danna McKitrick, P.C., is located in St. Louis, Missouri, and the other Defendants are in Edwardsville, Illinois" (Doc. 16, p. 2). He misses the mark once again. For complete diversity to exist, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Because Tuduj admits that he is an Illinois resident and that the "other Defendants" are in Edwardsville, Illinois, his proposed second amended complaint fails (Doc. 16, p. 2).

After several attempts by Tuduj to have this Court reconsider its initial dismissal without prejudice, it has become apparent that further amendments would be futile – he cannot establish jurisdiction. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015). Accordingly, Plaintiff's Motion for Reconsideration (Doc. 15) and Motion for Leave to Reopen Case and Motion to File Second Amended Complaint (Doc. 16) are **DENIED**. This case is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 28, 2023

**STACI M. YANDLE**
**United States District Judge**